**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| OWENS CORNING SALES, LLC , and OWENS CORNING MINERAL WOOL, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 6:18-cv-3038 |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| AREA IMPIANTI S.p.A., | ) ) | |
| Defendant. | ) | |

## ANSWER AND FIRST AMENDED COUNTERCLAIMS OF DEFENDANT AREA IMPIANTI S.p.A

COMES NOW Defendant Area Impianti S.p.A. ("Area Impianti"), by and through counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

1. Area Impianti denies, for lack of sufficient information or knowledge, the allegations of paragraph 1 of Plaintiffs' Complaint.

2. Area Impianti admits, upon information and belief, the allegations of paragraph 2 of Plaintiffs' Complaint.

3. Area Impianti denies that it contracted, directly or indirectly, with Owens Corning Mineral Wool, LLC. Area Impianti denies, for lack of sufficient information or knowledge, the remaining allegations of paragraph 3 of Plaintiffs' Complaint.

4. Area Impianti admits the allegations of paragraph 4 of Plaintiffs' Complaint.

5. Area Impianti admits the allegations of paragraph 5 of Plaintiffs' Complaint.

6. Area Impianti denies, for lack of sufficient information or knowledge, the allegations of paragraph 6 of Plaintiffs' Complaint.

1

7. Area Impianti denies, for lack of sufficient information or knowledge, the allegations of paragraph 7 of Plaintiffs' Complaint.

8. Area Impianti denies, for lack of sufficient information or knowledge, the allegations of paragraph 8 of Plaintiffs' Complaint.

9. Area Impianti admits the APC is an integral part of the Joplin plant. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10. Area Impianti admits Owens Corning Sales, LLC, identifying itself as "Owner", invited Area Impianti to respond to a Request for Proposal ("RFP", the terms of which speak for themselves) regarding a Cupola APC system for the TORO Project (revealed later to be a plant to be constructed in Joplin, Missouri). Area Impianti denies that it received any such invitation from Owens Corning Mineral Wool, LLC. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 10 of Plaintiffs' Complaint.

11. Area Impianti admits that, in reliance upon the accuracy of the design specifications provided by Owens Corning Sales, LLC, it provided to Owens Corning Sales, LLC a response to the RFP, the terms of which speak for themselves, and Owens Corning Sales, LLC accepted Area Impianti's bid/offer relating to the APC system for the TORO Project (revealed later to be a plant to be constructed in Joplin, Missouri). Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 11 of Plaintiffs' Complaint.

12. Area Impianti admits that Owens Corning Sales, LLC, (identifying and holding itself out as "OWNER", "Owens Corning" and "Buyer" under said Purchase Order) issued to Area Impianti, a Purchase Order, the terms and legal effect of which speak for themselves. Area Impianti denies that it entered into a contract (directly or indirectly) with Owen Corning Mineral

Wool, LLC or that Owens Corning Mineral Wool, LLC was the intended beneficiary of the Purchase Order or any contract between Area Impianti and Owens Corning Sales, LLC. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 12 of Plaintiffs' Complaint.

13. Area Impianti admits the Purchase Order included Specifications, the terms of which speak for themselves. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 13 of Plaintiffs' Complaint.

14. Area Impianti admits that the Specification, the terms of which speak for themselves, provided for certain performance parameters relating to the APC system. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 14 of Plaintiffs' Complaint.

15. Area Impianti admits that the Specification, the terms of which speak for themselves, provided for certain performance parameters relating to the APC system. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 15 of Plaintiffs' Complaint.

16. Area Impianti admits that the Specification, the terms of which speak for themselves, provided for certain performance parameters and guarantees relating to the APC system. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 16 of Plaintiffs' Complaint.

17. Area Impianti admits that the Specification, the terms of which speak for themselves, provided for certain performance parameters and guarantees relating to the APC system. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 17 of Plaintiffs' Complaint.

18. Area Impianti admits that its response to the RFP, the terms of which speak for themselves, in reliance and contingent upon the accuracy of the specifications provided by Owens Corning Sales, LLC, provided certain guarantees. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 18 of Plaintiffs' Complaint, including all subparts.

19. Area Impianti admits that in reliance on the accuracy of the specifications provided by Owens Corning Sales, LLC (including the specifications relating to expected SOx and CO concentrations from the cupola), it provided a Double Alkali Dry Injection Flue Gas Desulfurization System, but denies the remaining allegations of paragraph 19 of Plaintiffs' Complaint

20. Area Impianti admits that, upon the acceptance of its bid/offer, Owen Corning Sales LLC contracted with Area Impianti. Area Impianti denies it contracted (directly or indirectly) with Owen Corning Mineral Wool, LLC. Area Impianti further denies that Area Impianti was engaged to install the APC system. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 20 of Plaintiffs' Complaint including all subparts.

21. Area Impianti admits that the Specification, which included certain technical requirements and guarantees (in reliance based on the accuracy of design specifications provided by Owens Corning Sales, LLC), were part of the contract between Area Impianti and Owen Corning Sales LLC. Area Impianti denies that it contracted (directly or indirectly) with Owens Corning Mineral Wool, LLC. Area Impianti denies, for lack of sufficient information or knowledge, any remaining allegations of paragraph 21 of Plaintiffs' Complaint.

22. Area Impianti admits that certain statements as to expectations were made in its offer, which speaks for itself, in reliance upon the accuracy of the specifications relating to, among

other things, cupola furnace emissions. Area Impianti denies, for lack of sufficient information or knowledge, the remaining allegations of paragraph 22 of Plaintiffs' Complaint.

23. Area Impianti admits that certain statements as to expectations were made in its offer, which speaks for itself, in reliance upon the accuracy of the specifications relating to, among other things, cupola furnace emissions in similar but not identical sectors (e.g. cast iron). Area Impianti denies, for lack of sufficient information or knowledge, the remaining allegations of paragraph 23 of Plaintiffs' Complaint.

24. Area Impianti denies the allegations of paragraph 24 of Plaintiffs' Complaint.

25. Area Impianti admits that Owen Corning Sales, LLC contracted with Area Impianti for Area Impianti, in reliance upon the accuracy of specifications provided by Owen Corning Sales, LLC, to design, fabricate and supply (but not install) the flue gas treatment system for the so-called curing oven and the so-called APC system for the cupola. Area Impianti denies, for lack of sufficient information or knowledge, the remaining allegations of paragraph 25 of Plaintiffs' Complaint.

26. Area Impianti denies the allegations of paragraph 26 of Plaintiffs' Complaint, including all subparts.

27. Area Impianti denies the allegations of paragraph 27 of Plaintiffs' Complaint.

28. Area Impianti denies the allegations of paragraph 28 of Plaintiffs' Complaint.

29. Area Impianti admits that the remaining balance of the contract owed to Area Impianti by Owens Corning Sales LLC has been wrongfully withheld, but specifically denies that Owens Corning Sales, LLC has withheld this balance pursuant to Section 9 of the Terms and Conditions of the contract or that Owen Corning Sales, LLC is otherwise justified to withhold this

balance which is due and owing to Area Impianti. Area Impianti denies the remaining allegations of paragraph 29 of Plaintiffs' Complaint.

30. Area Impianti denies the allegations of paragraph 30 of Plaintiffs' Complaint.

31. Area Impianti denies, for lack of sufficient knowledge or information, the allegations of paragraph 31 of Plaintiffs' Complaint.

32. Area Impianti denies the allegations of paragraph 32 of Plaintiffs' Complaint, including all subparts.

33. Area Impianti admits that correspondence on behalf of Owens Corning Sales, LLC was sent to Area Impianti on or about September 12, 2017, which correspondence speaks for itself. Area Impianti denies the allegations, expressed or implied, of the alleged deficiencies. Area Impianti denies, for lack of sufficient knowledge or information, any remaining allegations of paragraph 33 of Plaintiffs' Complaint.

34. Area Impianti denies the allegations of paragraph 34 of Plaintiffs' Complaint.

35. Area Impianti admits a purported "Notice of Default" on behalf of Owens Corning Sales, LLC, which document speaks for itself, was sent Area Impianti. Area Impianti denies the allegations of deficiencies and alleged failure of the design, fabrication and supply of the system and denies, for lack of sufficient knowledge or information, any remaining allegations of paragraph 35 of Plaintiffs' Complaint.

36. Area Impianti denies the allegations of paragraph 36 of Plaintiffs' Complaint.

37. Area Impianti admits Area Impianti and Owens Corning Sales, LLC agreed to an Action Plan. Area Impianti denies the allegations, expressed or implied, of alleged defects. Area Impianti denies the remaining allegations of paragraph 37 of Plaintiffs' Complaint.

38. Area Impianti denies the allegations of defects and any remaining allegations of paragraph 38 of Plaintiffs' Complaint.

39. Area Impianti admits that an additional purported "notice of default", which document speaks for itself, was sent on behalf of Owens Corning Sales, LLC to Area Impianti on or about December 15, 2017. Area Impianti denies the allegations, expressed or implied, of alleged deficiencies. Area Impianti denies, for lack of sufficient knowledge or information, any remaining allegations of paragraph 39 of Plaintiffs' Complaint.

40. Area Impianti denies the allegations, expressed or implied, of defects and any remaining allegations of paragraph 40 of Plaintiffs' Complaint.

41. Area Impianti denies the allegations of paragraph 41 of Plaintiffs' Complaint.

42. Area Impianti denies the allegations of paragraph 42 of Plaintiffs' Complaint, including all subparts.

43. Area Impianti denies the allegations of paragraph 43 of Plaintiffs' Complaint.

**FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

44. In further answer to Plaintiffs' Complaint, Area Impianti denies that it is liable to Plaintiffs or that Plaintiffs are entitled to their claimed relief for damages under any applicable law. Area Impianti further denies any and all allegations of any alleged breach of contract, expressed or implied, asserted against Area Impianti. Area Impianti further denies, for lack of sufficient knowledge or information, any and all allegations of the Plaintiffs' Complaint not expressly admitted herein.

45. Plaintiffs' Complaint, and each and every count asserted against Area Impianti therein, fails to state a claim upon which relief may be granted, against Area Impianti and should therefore be dismissed.

46. More specifically, the claim of Plaintiff Owens Corning Mineral Wool, LLC should be dismissed in that Owens Corning Mineral Wool, LLC lacks standing to assert a breach of contract claim against Area Impianti. Area Impianti did not contract, directly or indirectly, with Owens Corning Mineral Wool, LLC, nor have Plaintiffs alleged or otherwise identified any contract with Area Impianti (including the Purchase Order referenced as Exhibit A in Plaintiffs' Complaint) in which Owens Corning Mineral Wool, LLC is identified as a party or otherwise designated as an intended beneficiary. Indeed, the Purchase Order, referenced as Exhibit A in Plaintiffs' Complaint, specifically refers and identifies Owens Corning Sales, LLC as "OWNER", "Owens Corning", and "Buyer", without any mention whatsoever to any entity by the name of Owens Corning Mineral Wool, LLC.

47. Plaintiffs' claim for breach of contract against Area Impianti is barred or otherwise limited in that Owens Corning Sales, LLC breached its contract with Area Impianti or is otherwise at fault for Plaintiffs' claimed damages in the following respects:

    a. Owens Corning Sales, LLC failed to develop and supply to Area Impianti accurate specifications, including specifications relating to the expected $SO_x$ and CO concentrations from the cupola furnace to be treated by the APC system, upon which Area Impianti was expected to and did in fact rely in designing, fabricating and supplying the APC system for the Joplin plant.

    b. Owens Corning Sales, LLC made material misrepresentations regarding the expected cupola $SO_x$ and CO concentrations to be treated by the APC system by providing inaccurate or otherwise misleading specifications relating to, among other things, $SO_x$ concentrations (which, in relation to actual operations, was significantly understated) and CO concentrations (which, in relation to actual operations, were significantly overstated).

        c.        Owens Corning Sales, LLC (and/or contractors retained by Owens Corning Sales, LLC) failed to properly install the APC system in accordance with design specifications.

48. Due to Plaintiffs' breach, which included material misrepresentations, set forth herein, Area Impianti is excused from performance, and Plaintiffs' breach of contract claim is barred or otherwise limited and should be dismissed.

49. For the reasons set forth herein, Plaintiffs are estopped and their breach of contract claim is barred or otherwise limited in that Plaintiffs are in breach and otherwise breached the implied covenant of good faith and fair dealing. Additionally, Owens Corning Sales, LLC, in further violation of its duty of good faith and fair dealing, has performed pollutant sampling both upstream and downstream of the APC system, but, despite multiple requests by Area Impianti, Owens Corning Sales, LLC has refused to provide Area Impianti with the results of that testing.

50. Any alleged damages, including Plaintiffs' alleged damages relating to delays related to the APC supply, were caused by the breach and/or fault of Plaintiffs and/or others, and/or the intervening, superceding, or independent acts or omissions or fault of others over whom Area Impianti had no control, including Plaintiffs and contractors retained and/or supervised by Plaintiffs to construct the plant and/or to install the APC system.

51. For example, Plaintiff Owens Corning Sales, LLC issued amended purchase orders to Area Impianti no less than seven times and modified/rescheduled dates relating to the construction of the plant and delivery and installation of the APC system due to construction delays wholly unrelated to Area Impianti. For example, as of August 25, 2016, no order had

been placed by Owens Corning Sales, LLC for mechanical and electrical assembly and thermal insulation.

52. Plaintiffs' claims for attorneys' fees should be dismissed in that Plaintiffs' complaint fails to state any statutory, contractual, or other legal basis for an award of attorneys' fees.

53. Area Impianti is entitled to credit or set-off for any amounts received by Plaintiffs in settlement with any other party pursuant to MO. REV. STAT. § 537.060.

54. Area Impianti reserves the right to assert such other and further affirmative defenses as may become known during the course of discovery.

WHEREFORE**,** having fully answered Plaintiffs' Complaint, Area Impianti prays to be dismissed with its costs herein incurred and expended, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM AGAINST OWENS CORNING SALES, LLC: BREACH OF CONTRACT

COMES NOW Defendant/Counterclaim Plaintiff Area Impianti SpA. ("Area Impianti"), and for its Counterclaim against Owens Corning Sales, LLC states as follows:

1. Area Impianti is an Italian Corporation, authorized to do business as a foreign corporation in Missouri, with its principal place of business in Italy.

2. Owens Corning Sales, Inc., holds itself out as a Delaware Limited Liability Company authorized to do business in the State of Missouri.

3. This Court has jurisdiction over the parties and claims asserted herein and venue is proper in this Court.

4. On or about February 2015, Owens Corning Sales, LLC invited Area Impianti to submit a proposal for a Cupola APC control system for the TORO project (later revealed to be a plant to be constructed in Joplin, Missouri).

5. In the February 2015 request for proposal ("RFP"), Owens Corning Sales, LLC identified and held itself out as "Owner".

6. The RFP included technical Specifications which provided, among other things, the type and concentrations of the expected emissions, including concentrations of SOx and CO from the cupola furnace during plant operation, upon which bidding vendors were expected to, and Area Impianti did, in fact, rely in providing proposals for the design, fabrication, and supplying of the APC system (excluding mechanical and electrical assembly and thermal insulation).

7. In reliance on the accuracy of the specifications provided by Owens Corning Sales, LLC, referenced above, Area Impianti submitted its proposal/offer to design, fabricate, and supply the APC system for the Joplin plant.

8. Owens Corning Sales, LLC accepted Area Impianti's proposal, issued purchase orders for the APC system, for Area Impianti to supply the APC system for the flue gas treatment of both the cupola furnace and curing oven in accordance with the Specifications provided by Owens Corning Sales, LLC.

9. In reliance on the Owens Corning Sales, LLC specifications, Area Impianti proceeded to design, fabricate, and supply the APC system for the Joplin plant in accordance with the parties' agreement.

10. Despite the fact that Area Impianti has performed its obligations by designing, fabricating, and supplying the APC system and flue gas treatment system for the curing oven, in accordance with the specifications provided by Owens Corning Sales, LLC, Owens Corning Sales,

LLC has breached its agreement with Area Impianti by wrongfully withholding and refusing to pay, without justification, the sum of €1,260,457.80 currently due and owing to Area Impianti for supplying the APC system. (This sum includes spare parts totaling €90,497 ordered and delivered to Owens Corning Sales, LLC as recently as November, 2017, as referenced in Purchase Orders 4510486528 dated March 30, 2017, 4510665267 dated June 29, 2017, and 4510946935 dated October 11, 2017.)

11. Area Impianti has invoiced and demanded payment from Owens Corning Sales, LLC, but Owens Corning Sales, LLC has refused to pay.

12. Owens Corning Sales, LLC has wrongfully withheld payment. Owens Corning Sales, LLC is not entitled to withhold this payment under Section 9 of the Terms and Conditions referenced in the Purchase Orders, and it is otherwise without justification to withhold said payment.

13. Moreover, Owens Corning Sales, LLC breached its agreement with Area Impianti in that Area Impianti discovered after the startup of the plant in May, 2017, that Owens Corning Sales, LLC had made material misrepresentations regarding specifications by providing inaccurate and otherwise misleading specifications relating to expected cupola emissions by significantly understating the SOx concentrations and significantly overstating the CO concentrations from the cupola furnace to be treated by the APC system. This wrong information adversely impacts the performance of the APC system, which was designed, fabricated, and supplied in accordance with the specifications provided by Owens Corning Sales, LLC.

14. Additionally, Owens Corning Sales, LLC, as part of its breach and in further violation of its duty of good faith and fair dealing, has performed pollutant sampling both upstream

and downstream of the APC system, but, despite multiple requests by Area Impianti, Owens Corning Sales, LLC has refused to provide Area Impianti with the results of that testing.

15. Moreover, Owens Corning Sales, LLC's breach and material representations, as set forth herein, have caused Area Impianti to incur additional losses/damages in terms of labor and equipment costs (over and above the amounts Owens Corning Sales, LLC has wrongfully withheld and refused to pay, as referenced above), in the amount of €1,150,524.

16. Area Impianti is entitled to damages caused by Owens Corning Sales, LLC's breach, as set forth herein, plus interest allowed at the statutory rate on said amounts under applicable law.

WHEREFORE, Area Impianti prays for judgment against Owens Corning Sales, LLC for breach of contract, awarding Area Impianti its damages in the amount of €2,410,981.80, plus interest allowed under applicable law from the date of the breach or demand, for its costs and expenses incurred and for such other relief as the Court deems just and proper.

**COUNTERCLAIM AGAINST OWENS CORNING MINERAL WOOL, LLC: TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY**

COMES NOW Defendant/Counterclaim Plaintiff Area Impianti, and for its Counterclaim against Owens Corning Mineral Wool, LLC states as follows:

17. Area Impianti hereby realleges and incorporates herein by this reference the allegations contained in paragraphs 1-16 of its Counterclaim.

18. Owens Corning Mineral Wool, LLC holds itself out as a Delaware Limited Liability Company authorized to do business in Missouri.

19. This Court has jurisdiction over the parties and claims asserted herein and venue is proper in this Court.

20. Area Impianti had a contractual relationship and/or business expectancy with Owens Corning Sales, LLC, as set forth above, related to the APC system and flue gas treatment system for the curing oven for the Joplin plant.

21. Owens Corning Sales, LLC breached the agreement with Area Impianti, as set forth above.

22. Owens Corning Mineral Wool, LLC (with apparent knowledge of Area Impianti's contractual rights and/or business expectancies) intentionally interfered, without justification, with Area Impianti's contractual rights and/or business expectancies with respect to the APC system and flue gas treatment system for the curing oven for the Joplin plant and caused or otherwise induced Owens Corning Sales, LLC to breach and/or terminate its agreement with Area Impianti.

23. As a direct and proximate result of the unjustified interference with Area Impianti's contractual rights and/or business expectancies, Area Impianti suffered damages, including but not limited to:

   a. Loss of the benefit of the bargain with Owens Corning Sales, LLC;
   b. Loss of compensation from Owens Corning Sales, LLC (including the amounts that have been wrongfully withheld by Owens Corning Sales, LLC);
   c. Additional losses/damages in terms of labor and equipment costs (over and above the amounts Owens Corning Sales, LLC has wrongfully withheld and refused to pay, as referenced above); and
   d. Attorneys' fees incurred in defending Plaintiffs' actions asserted against Area Impianti and prosecuting Area Impianti's Counterclaim.

24. Owens Corning Mineral Wool, LLC's actions, as set forth herein, was done with evil motive, ill will, or in reckless disregard of the rights of Area Impianti and justifies an award of punitive damages in favor of Area Impianti to deter Owens Corning Mineral Wool, LLC and others from similar conduct in the future.

WHEREFORE, Area Impianti prays for judgment against Owens Corning Mineral Wool, LLC, awarding Area Impianti compensatory and punitive damages as determined by a jury, post-judgment interest at the highest rate allowed by law, its costs and expenses incurred herein, and such other relief as the Court deems just and proper.

## JURY DEMAND

Area Impianti hereby demands trial by jury on all triable issues.

**SANDERS WARREN RUSSELL & SCHEER LLP**

*/s/ Randy P. Scheer*
Randy P. Scheer #37214
S. Jacob Sappington #51810
1949 E. Sunshine
American National Center, Suite 2-102
Springfield, Missouri 65804
Telephone: (417) 281-5100
Facsimile: (417) 281-5199
E-mail: r.scheer@swrsllp.com
j.sappington@swrsllp.com
**ATTORNEYS FOR AREA IMPIANTI**

## C**ERTIFICATE** O**F** S**ERVICE**

Undersigned counsel certifies that this original document was signed by the preparing attorney and will be maintained by the filer for a period not less than the maximum allowable time to complete the appellate process.

The undersigned hereby certifies that a signed copy of the above document was sent this 23rd day of March, 2018, via ( ) U.S. Mail, postage prepaid, ( ) facsimile, (X) electronic transmission, ( ) e-mail, and or ( ) hand delivery, to:

Michael D. Textor, MO#45675
Joshua B. Christensen MO#63759
LATHROP GAGE LLP
910 E. St. Louis Street, Ste. 100
Springfield, MO 65806
Telephone:  (417) 886-2000
Facsimile:   (417) 886-9126
E-Mail: mtextor@lathropgage.com
          jchristensen@lathropgage.com
**ATTORNEY FOR PLAINTIFFS**

                                  */s/ Randy P. Scheer*
                                  Attorney