# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| OWENS CORNING SALES, LLC, and OWENS CORNING MINERAL WOOL, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:18-cv-03038-MDH ) |
| AREA IMPIANTI S.p.A., | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiffs' Rule 12(b)(6) Motion to Dismiss Counts II, III, and IV of Defendant's Third Amended Counterclaim. (Doc. 45).[1] The motion is fully briefed and ripe for review.

## BACKGROUND

Plaintiffs Owens Corning Sales, LLC and Owens Corning Mineral Wool, LLC (collectively referred to as "Owens Corning" by Plaintiffs in the Complaint) brought this lawsuit against Defendant Area Impianti for claims arising out of the construction of a new Mineral Fiber Insulation Manufacturing Facility in Joplin, Missouri ("Joplin Facility").[2] As part of the construction of the Joplin Facility, Area Impianti was selected by Owens Corning to design, fabricate and supply the equipment for the facility's air pollution control ("APC") system. Plaintiffs allege Owens Corning issued a purchase order to Area Impianti that resulted in an agreement between the parties including certain performance guarantees and emissions guarantees.

---

[1] Count I is a breach of contract claim against Owens Corning Sales, and Owens Corning Sales has filed an Answer to that claim.
[2] For purposes of this Order the background facts are taken from Plaintiffs' Amended Complaint and Defendant's Amended Counterclaim.

Plaintiffs allege Owens Corning Mineral Wool, as principal, is the intended beneficiary of the Contract and entitled to enforce the rights of "Owens Corning" against Area Impianti. Plaintiffs have brought a cause of action for Breach of Contract; Negligent Misrepresentation; Negligent Design; and Negligent Manufacture against Area Impianti.

In response, Area Impianti has filed its answer and counterclaim. Count II is a counterclaim against Owens Corning Mineral Wool for tortious interference with contract or business expectancy; Count III is a counterclaim against both Owens Corning Mineral Wool and Owens Corning Sales for misrepresentation; and Count IV is a counterclaim against both Owens Corning Mineral Wool and Owens Corning Sales for civil conspiracy. Plaintiffs move the Court to dismiss these three tort claims for failure to state a claim upon which relief can be granted. For the reasons set forth herein, the Court denies the motion to dismiss.

## **STANDARD OF REVIEW**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994)

## DISCUSSION

1. **Count II – Tortious Interference**

Under Missouri law, the elements of a claim for tortious interference with business expectancy are: "(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or business relationship; (3) a breach induced or caused by Defendant's intentional interference; (4) absence of justification; and (5) damages resulting from the Defendant's conduct. *Nichols v. Am. Nat. Ins. Co.*, 945 F. Supp. 1248, 1250 (E.D. Mo. 1996) (internal citations omitted). Defendant has brought its claim of tortious interference against plaintiff Owens Corning Mineral Wool alleging it interfered with the contract between Defendant and plaintiff Owens Corning Sales.

Plaintiff argues Defendant has failed to plead that Owens Corning Mineral Wool interfered with a business expectancy, or any actions that led to a breach of the contract or business expectancy. Plaintiff argues Defendant "blurs the distinction" between the two entities and "erodes its ability to present any opposition of the absence of justification element." However, Plaintiffs themselves, in their Amended Complaint, collectively refer to the two entities as "Owens Corning." Further, while predominately referring to both Plaintiffs throughout the complaint as "Owens Corning," the Amended Complaint at times makes specific allegations that Owens

3

Corning Sales was the agent and attorney-in-fact for Owens Corning Mineral Wool. (¶ 3). Paragraph 12 of the Amended Complaint alleges:

> *Owens Corning* issued Purchase Order No. 4509221545 ("Purchase Order," Ex. A) to Area Impianti. The issuance of the Purchase Order resulted in an agreement between the parties, which includes the Purchase Order, the Specification, the RFP including certain performance guarantees and emissions guarantees, and certain Terms and Conditions (collectively "the Contract"). As principal, *Owens Corning Mineral Wool, LLC is the intended beneficiary of the Contract, entitled to enforce the rights of Owens Corning against Area Impianti.* (*emphasis added*).

Plaintiffs attach a copy of the purchase order to the Amended Complaint. (Exhibit A to Amended Complaint). The purchase order identifies Owens Corning Sales, LLC as the party to the agreement (making no reference to Owens Corning Mineral Wood) and includes language stating that "Owens Corning Sales, LLC, hereinafter referred to as "OWNER", or "Owens Corning", or "Buyer" is the party to the order. Owens Mineral Wool is not identified in the purchase order. As a result, Plaintiffs' own Amended Complaint blurs the distinction between the two entities and Plaintiff's argument that Defendant's counterclaim "erodes its ability to present any opposition of the absence of justification element" due to "a lack of distinction between the parties" is unpersuasive as a basis for the motion to dismiss. The Amended Complaint contains the same lack of distinction between the parties. The specific relationship between the parties, including the elements alleged in this claim, may be further clarified in discovery and subsequent dispositive motions. However, for purposes of a motion to dismiss the Court finds the counterclaim puts Plaintiff on notice of the allegations for this claim.

Plaintiff further argues that Defendant will be unable to show the absence of justification because the new allegations in the counterclaims reinforce Owens Corning Mineral Wool's established interest in operations of the plant, and therefore justification in its actions. Plaintiff also claims there are no independently wrongful acts to support the claims. Again, these issues

are factual determinations better suited for dispositive motions. Plaintiff is essentially asking the Court to go beyond the allegations contained in the counterclaim, which the Court finds sufficient to survive a 12(b)(6) motion, and find that Defendant will be unable to prove the elements of its claim. As a result, the Court denies the motion to dismiss this claim.

### 2. Count III – Misrepresentation

Count III is a claim against both Plaintiffs for misrepresentation. Plaintiffs argue Defendant has failed to identify its claim(s) as either fraudulent misrepresentation or negligent misrepresentation and that no cause of action for "misrepresentation" exists on its own. However, despite the alleged lack of clarification in the title of this Count, the Court finds that Defendant has alleged a claim for misrepresentation.

Pursuant to Missouri law "the elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438–39 (8th Cir. 2013) (internal citation omitted). A party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id.* at 439. ("In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.") (internal citations omitted).

A claim for negligent misrepresentation requires a party to prove: "(1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise

5

reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's reliance on the information, the listener suffered a pecuniary loss." *Lafarge N. Am., Inc. v. Discovery Grp. L.L.C.*, 574 F.3d 973, 981 (8th Cir. 2009) (internal citation omitted).

"While similar, there are two differences between a fraudulent misrepresentation claim and a negligent misrepresentation claim. First, 'fraudulent misrepresentation requires that the person knowingly or recklessly supplied false information, whereas negligent misrepresentation requires no such knowledge or recklessness. Second, negligent misrepresentation requires that the information be supplied in the course of the defendant's business.'" *Id.*

Plaintiffs' argument for dismissal of this claim is centered on the heightened pleading requirement and Defendant's use of the term "expected emissions" for the plant. Plaintiffs argue this allegation is insufficient as a basis for a claim of fraudulent, or negligent, misrepresentation because it is a statement of opinion or prediction of a future condition or event. Plaintiffs claim any statements regarding emissions are predictions and expectations about the "levels of not-yet existing emissions for what was then a not-yet-built plant."

However, here the allegations in both the Amended Complaint, and the Counterclaims, allege issues regarding the facility's air pollution control ("APC"). Further, the allegations state that requests for proposals were based on specifications for the design and supply of the APC. Defendant argues the emissions for the plant were part of the representations made by Plaintiffs in their requests for proposals, and were essential to the bidding vendors, including Defendant, in relying on their proposals for the design, fabrication and supply of the APC. Defendant also alleges Plaintiffs fraudulently concealed critical emissions test results from Defendant that it was relying

6

on in designing and supplying the APC system. Again, whether or not Defendant can provide evidence to support these allegations is unknown, but the Court finds that taking the allegations as a whole, Defendant has pled a claim for misrepresentation to survive a motion to dismiss.

### 3. Count IV – Civil Conspiracy

Plaintiffs argue this claim fails because there is no independent tort to support a claim for conspiracy. Plaintiffs contend that Defendant's other tort claims should be dismissed and as a result this claim fails. However, as set forth herein, the Court is not dismissing the other tort claims. Defendant has alleged a breach of contract claim (which has been answered), a tortious interference claim, and claims for misrepresentation. Again, whether Defendant will prevail on a claim of civil conspiracy is not the issue before the Court. The Court finds Defendant's counterclaims are sufficient to survive Plaintiffs' motion to dismiss.

## CONCLUSION

While the Court's Order does not address the merits of the claims, the Court finds Defendant has pled enough to proceed on its counterclaims and that the claims adequately meet the federal pleading requirements to survive the motion to dismiss. Therefore, the Court **DENIES** Plaintiffs' Motion to Dismiss Counts II, III and IV of Defendant's Third Amended Counterclaim. (Doc. 45).

**IT IS SO ORDERED.**

**Date: December 13, 2018**

                                               */s/ Douglas Harpool*
                                               DOUGLAS HARPOOL
                                               UNITED STATES DISTRICT JUDGE